I cannot agree with the majority that the plaintiffs' complaint in this case sufficiently satisfies this court's interpretation of the Alabama Rules of Civil Procedure with regard to fictitious party pleading.
The facts of this case are extremely similar to those inMinton, supra. In Minton, the plaintiff had listed twenty fictitious parties, alleging their identity to be unknown in the caption of the suit. Later an amendment was filed adding fellow servants or co-employees in place of a fictitious defendant. The question of the timeliness of the action was tested by motion for summary judgment. In addressing the relation back issue this court said:
 "The question presented is whether the amendment substituting these four individuals for fictitious defendants described in the caption of the complaint relates back so as to avoid the bar of the statute of limitations. We hold that it does not because no claim or cause of action was ever stated against the individuals at any time before the statute of limitations ran. It can be argued that this interpretation of the Rules of Civil Procedure is a technical one, but it is not an unreasonable one. Although the rules do establish a system of notice pleading, they do not eliminate the necessity of alleging a theory of liability against a defendant before the limitation period runs, and merely listing a multitude of fictitious parties does not meet that requirement. It is not unreasonable to require the statement of a claim to be contained in the complaint itself." (Emphasis added.)
Minton at 972.
This court also expressed its opinion on that very issue inFowlkes v. Liberty Mutual, supra:
 "It is clear . . . that Rule 9 (h) is not intended to operate when the cause of action is unknown, but operates only when the identity of the adverse party is unknown. Thus in order for a plaintiff to invoke Rule 9 (h) and 15 (c), the plaintiff must at the very least state a cause of action in his complaint against the fictitious party." (Emphasis added.)
Fowlkes at 806.
In the case sub judice, the caption to the summons and body of the summons listed and described seventeen fictitious defendants. That same list was separately attached to the complaint. However, the body of plaintiffs' complaint failed to set forth one allegation of wrongdoing by a fictitious party. Nowhere in the body of the complaint did the plaintiffs allege that some entity or entities negligently maintained the track or road right-of-way in the area where Phelps was injured. See,Columbia Engineering International, LTD. v. Espey,429 So.2d 955 (Ala. 1983) ("The proper scope of comparison is whether there was *Page 239 
a cause of action stated in the body of the complaint, not on the degree of particularity with which the fictitious defendant is described") (emphasis supplied). The majority, however, finds that reference, in the body of the complaint, to the list of fictitious parties satisfies the rule. I cannot agree. By naming and describing the fictitious parties in the caption, the plaintiffs have not preserved their cause of action against the defendant. It is clear that where there is an ascertainable cause of action against an unknown party, that cause of action, along with the allegations of wrongdoing against known parties, must be stated in the body of the complaint. This is all that is required to preserve a cause of action against such parties and to invoke the relation back principle of ARCP 9 (h) and 15 (c).
The plaintiffs in this case did not meet this basic requirement. The trial court correctly held the amendment did not relate back to the original filing date and therefore the statute of limitations barred the plaintiffs' recovery against South Alabama Electric Co-op. I would, therefore, affirm the judgment of the trial court.
FAULKNER, J., concurs.